[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
The plaintiff, Frank Murphy, brings this action against the defendant, Joanne Reeves, for personal injuries which he alleges that he sustained in an automobile accident on May 9, 1999. At the time of the accident, the plaintiff was in the course of his employment with the intervening plaintiff, City of New Haven.
At the time of this occurrence the plaintiff was covered by a collective bargaining agreement between the City and the union of which the plaintiff was a member. Article 6, section 2(b) of the collective bargaining agreement provides:
 "If an employee loses time because of an injury sustained in the line of duty for which he or she is CT Page 13340 entitled to compensation under the Worker's Compensation Act, he or she shall receive benefits equal to normal full pay for that period of disability with the City making up the difference in the amount of such compensation received and the normal amount of weekly pay."
Article 6, section 2(d) of the agreement provides:
 "In addition to existing rights, the city has or may have to recover Worker's Compensation payments from responsible third parties, the City shall have the right to recover any payment made by it to supplement said benefits pursuant to this section from such a responsible third party. If the employee recovers a judgment or otherwise settles his or her claim against a responsible third party, the City shall be reimbursed by the employee to the extend of the benefits paid by it under this section."
In accordance with the collective bargaining agreement the City paid to the plaintiff worker's compensation benefits along with additional benefits representing the difference between his compensation rate and his normal full pay. The City has intervened in this action and filed a two count intervening complaint.
In the first count of the intervening complaint the City seeks to recover those benefits which were paid pursuant to the Worker's Compensation Act which it is entitled to do under § 31-293 of the Conn. General Statutes. In the second count of the complaint the City seeks reimbursement pursuant to the collective bargaining agreement for the differential between the worker's compensation benefits paid and the normal full pay of the plaintiff.
The defendant has now moved for partial summary judgment against the City as to the second count of the complaint on the ground that the City has no legal right to seek recovery of the benefits paid to the plaintiff above those required by the Worker's Compensation Act. The plaintiff has filed a memorandum of law in support of the defendant's motion for summary judgment. The City opposes the defendant's motion on the ground that it does have a right of subrogation for the differential payment made pursuant to the collective bargaining agreement. For the reasons set forth below, the court agrees with the City.
The defendant relies on two Supreme Court decisions in support of her motion. In RK Constructors, Inc. v. Fusco, 231 Conn. 381 (1994), the CT Page 13341 plaintiff sought to recover from the defendant the cost of increased worker's compensation premiums and the lost dividends that resulted from an injury to the plaintiffs employee as a result of the alleged negligence of the defendant. The Connecticut Supreme Court affirmed the trial court's action in granting the defendant's motion to strike such claim on the ground that absent a controlling statute or overriding public policy consideration, the economic harm to the plaintiff in the form of increased premiums and lost dividends was too remote to be chargeable to the defendant.
In the opinion of the court, RK Constructors, inc. does not provide authority for the defendant's motion for summary judgment in this case. In RK Constructors the plaintiff was making a direct claim against the defendant for economic harm which the Court held was simply too remote to be chargeable to the defendant. Here, the plaintiff is making a subrogation claim against the defendant and thereby seeks to stand in the shoes of the plaintiff to the extent of payment made pursuant to the collective bargaining agreement.
In Gurliacci v. Meyer, 218 Conn. 531 (1991), the trial court rejected a claim by the City of Stamford in a negligence action by its employee against a third party that it was entitled to recover from the third party the full salary paid to its employee pursuant to a collective bargaining agreement. The trial court held that such payments were made pursuant to a private agreement rather than pursuant to the Worker's Compensation Act and thus the City had no right of reimbursement.
The Supreme Court reversed holding that the City of Stamford was entitled to reimbursement but only to the extent that the payments equaled the City's liability under the Worker's Compensation Act. The defendant and the plaintiff in this case therefore argue that Gurliacci
stands for the proposition that an employer who pays an employee full pay pursuant to a collective bargaining agreement is only entitled to recover from a responsible third party that portion of such payment that represents workers compensation benefits.
If it were clear that the collective bargaining agreement in Gurliacci
was the same as the collective bargaining agreement in this case insofar as the City of New Haven's right of subrogation is concerned, this court would agree with the plaintiff and the defendant that Gurliacci is controlling. However, in this action the collective bargaining agreement is very clear that the City of New Haven is subrogated to the rights of its employee against a responsible third party as to payments made to that employee representing the difference between the worker's compensation rate and the normal full pay. There is no indication that the collective bargaining agreement in Gurliacci contained such a CT Page 13342 provision concerning subrogation. Thus, in this court's view Gurliacci is not controlling.
The plaintiff makes the additional claim that the payments made by the City pursuant to the collective bargaining agreement in addition to those under the Worker's Compensation Act are "collateral source" payments and therefore the City is precluded from receiving them by virtue of §52-225c of the Conn. General Statutes.
However the differential payments at issue, paid pursuant to the collective bargaining agreement, do not appear to fit within the definition of "collateral sources" as that term is defined in § 52-225b
of the Conn. General Statutes.
It is therefore the opinion of the court that there is no legal basis, nor public policy prohibition, to prevent the City from exercising its right of subrogation as specifically set forth in the collective bargaining agreement with respect to those payments to the plaintiff which represent the difference between his compensation rate and his normal full pay.
The defendant's Motion for Summary Judgment is therefore denied.
Bruce W. Thompson Judge of the Superior Court